The opinion of the court was delivered by
Tilghman, C. J.
This cause was decided in the Court of Common Pleas on a case stated in which all the necessary facts appear. The defendant is the owner of a house and lot at the corner of Vine and John Street, containing twenty-one feet in front on Vine Street, and extending northward ninety feet on John Street, preserving the same breadth of twenty-one feet throughout. The commissioners, by virtue of the power vested in them by the act of the 9th of March, 1826, and of their contract with the city of Philadelphia, dated the 25th of April, 1826, laid pipes for conveying the water from the main which had been laid by the city, in Vine Street, up John Street, as far north as Wood Street. And in the assessment, in pursuance of the act of assembly for defraying the expenses of these pipes, &e. the defendant was rated for his whole part of ninety feet on John Street. This would have been all right, if it had not been a corner lot. But the following proviso in this act distinguishes between corner and other lots:— “Provided, that all corner lots, extending more than fifty feet in depth, from any. street, lane, road, or alley, in which pipes shall be laid, and the waters introduced, shall pay for such excess in depth at the same rate per foot as other property in the same street, lane, road, or alley, whenever pipes are laid and the waters introduced into the same.” Now this was a corner lot, extending more than fifty feet from' its front on Vine Street; and, as appears by the statement of the case, the owners of lots fronting on Vine Street, had the use of the water flowing in the main laid by the city in Vine Street before the pipes were laid by the commissioners of Spring Garden, ?t> John Street. The case, therefore, *162 falls within the words of the proviso. The legislature does not assign its reason for distinguishing between corner lots and others. But it is presumed it was supposed that the owners of the corner lots had been at expense in procuring the water in front, which would make it unreasonable that they should be assessed for laying other pipes at right angle the whole depth of their lots. Fifty feet, therefore, were allowed them free from assessment, beyond which the property was to be assessed. The commissioners contend, that as the main in Vine Street was not laid at the expense of the District of Spring Garden, the case is not embraced by the proviso. But this construction is not to be justified. When the act of March 9th, 1826, was passed, it was well enough known that the main in Vine Street had been laid by the city, and that the owners of lots on the north side of Vine Street, and of the city and within the District of Spring Garden, were to have the use of it, and that the city would take care to secure an adequate compensation for that use. It is not prudent, however, to form a construction on conjecture, against the words of a law. It appears to the court, that the words of this proviso are sufficiently plain, and that they exempt the property of the defendant from assessment, to the extent of fifty feet from Vine Street. It is our opinion, therefore, that the judgment of the Court of Common Fleas should be affirmed.
'Judgment affirmed.